By the Court.—Sanford, J.
There is no allegation in the complaint, nor was any proof offered at the trial to the effect that the income and profits of the property given and devised by the testator in trust for the benefit of the defendant John Gf. Harrison exceeds the sum necessary for his suitable maintenance and support. That question is not in the case. No such issue was made, and none such has been litigated. It cannot, therefore, now be claimed that the provision of section 57 of the statute of Uses and Trusts (1 R. S. 729), which subjects the surplus of rents and profits, accruing from lands held in trust, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, to liability in equity, for the claims of the creditors of such person, has any bearing upon the determination of the present appeal.
The case, therefore, presents the naked question whether, irrespective of the provisions of the statute above cited, the accrued income of the fund held in trust for the benefit of the judgment debtor, John Gf. Harrison, under the residuary clause contained in his father’s will, can be reached by a suit of this character and subjected to the payment of his debts. The case of Campbell v. Foster (35 N. Y. 361), seems to be directly in point. It was there held that the legislature has defined the cases and prescribed the manner in which, after the return of an execution unsatisfied against the property of a judgment debtor, satisfaction may be decreed out of property or things in action belonging to or held in trust for him, and that all the power which the courts now possess to subject such property to the payment of judgments is derived from and is limited by legislation. The article of the Revised Statutes relative to the general powers, duties and jurisdiction of the court of chancery (2 R. S. 273), was held to prescribe "the limitations within which the *154 satisfaction of judgments out of property held in trust for a judgment debtor, can be decreed in a creditor’s 'suit; and the provisions of that article, as contained in sections 38 and 39 (2 R. S. 274), were construed as excepting from the operation of a judgment in such a suit property held in trust for the debtor, where the trust has been created by, and the fund so held in trust has proceeded from some person other than the debtor himself. In that case, as in this, the trust was created by, and the fund held in trust proceeded from the father of the defendant, the judgment debtor. The beneficial interest of the cestui que trust in the income of the fund placed in trust by her father for her support and maintenance during her life, was held to be beyond the reach of a creditor’s bill, and the sections of the statute above referred to were construed as excluding and exempting the case from that statutory remedy.
It was strenuously urged upon the argument, that inasmuch as the purpose of this suit was not to anticipate accruing income, but to reach income actually accrued when the suit was commenced, the case was distinguishable from that of Campbell v. Foster. No such distinction was suggested or recognized in the opinion there rendered. It is true that the bill in that case, did not in terms, allege that there remained in the hands of the trustees at the time of filing it, or at the time of the plaintiff’s appointment as receiver, any portion of the income derived from the trust fund, but judgment was demanded, that out of the income derived, or thereafter to be derived from the trust fund, there be paid by the trustees a sum sufficient to satisfy the judgment against the cestui que trust. The principle established by that case is equally applicable to accrued and accruing income, and the reasoning upon which the decision was based seems to be equally conclusive as respects both. In the dissenting *155 opinion of Judge Denio, in Graff v. Bonnett (31 N. Y. 9), the position was taken that the exceptional clause of the statute was intended by the legislature to protect the fund itself, and not the income derived from it, from the pursuit of creditors, when such fund had proceeded from some person other than the debtor himself. The opinion of the court in Campbell v. Foster distinctly repudiated this position as purely conjectural, and held the income irrespective of its amount, of its superfluity, or of the question whether or not it had already accrtied as money held in trust for the debtor under a trust created by a person other than himself; and, therefore, as excluded and exempt from liability by virtue of the express exception stated in the statute.
While the income remains in the hands of the trustee it is applicable solely and exclusively to the purposes of the trust. Its application to such purposes can be enforced in equity by the cestui que trust; it cannot be treated by him, or by his creditors otherwise than as subject to the trust. Certainly, until there has been an accounting and settlement between him and the trustee, or some action taken between them, the effect of which is to discharge the trastee from liability as such, to terminate the relation of trustee and cestui que trust, and to substitute in its stead that merely of debtor and creditor as respects the money sought to be reached, that money cannot be deemed withdrawn from the operation and effe¿t of the trust, and cannot, therefore, be impounded. The trustee cannot discharge himself from the obligation of the trust otherwise than by its performance. The mere fact that he has kept an account of all his dealings with the cestui que trust, and that such account shows a balance in his hands, in no wise relieves him from his accountability as trustee, or changes the nature of the title whereby he holds such balance. It is still money held in trust, and under the *156 authority of Campbell v. Foster, is beyond the reach of the creditors of the beneficiary for whom it is held. The ruling in that case seems to have been reluctantly but unhesitatingly followed in Hann v. Van Voorhis, (5 Hun, 425). I concur with the learned justice before whom the trial was had at special term, in the opinion that “nothing immoral, unjust or in fraud of the plaintiff” can be imputed to the law in sanctioning, enforcing and protecting such a trust. All that can rightfully be demanded by a creditor is that when the jus disponendi lawfully exercised by the original owner of the fund has been fully carried into effect, when the trust has been executed, when the money has ceased to be held in trust and has become absolutely the property of the debtor, it shall be liable for his debts.
The judgment must be affirmed with costs of the appeal.
Curtis, Ch. J., and Freedman, J., concurred.